CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 09 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BARRY WAYNE MILLS, JR., ) | |
| Petitioner, ) | Civil Action No. 7:06-cv-00496 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE M. JOHNSON, DIRECTOR, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Petitioner Barry Wayne Mills, Jr., a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Mills challenges the constitutionality of his confinement pursuant to the February 2005 judgment of the Circuit Court for the City of Roanoke, convicting him of two statutory burglaries and two grand larcenies and sentencing him to one year in prison, with three months suspended, for each conviction. Respondent has filed a motion to dismiss to which petitioner has responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted.

## I. Background

Mills at first pled not guilty to the Roanoke City charges and faced a jury trial on November 1, 2004. His wife, Cynthia Mills, and her father testified for the Commonwealth. Before Cynthia testified, the judge advised her outside the presence of the jury of her right not to testify against her husband and allowed her to speak to her lawyer. After a short pause, Cynthia told the judge that she wanted to testify. She said that her parents had pressured her to testify against Mills by threatening to have nothing to do with her if she did not, but that the police and the prosecutor had not threatened her or forced her to testify. Before the jury, Cynthia described in detail how she and Mills had committed the crimes and said they used the money in the safe for crack cocaine. On cross-examination, she testified that no promises of leniency had been made to her, but that she was thinking that she would receive "less time" as a result of her cooperation. No charges were brought against Ms. Mills for these offenses.

1

After the Commonwealth had rested, Mills asked to have Cynthia recalled to the stand because his attorney had failed to ask specific questions that Mills had requested, concerning letters in which Cynthia alleged that law enforcement personnel had threatened her with more jail time if she did not testify against her husband. The judge told Mills that he saw no need for the questions, but since counsel had agreed to ask the questions if Mills insisted, the judge would allow it. After a brief recess, defense counsel informed the court that Mills had reached a plea agreement with the Commonwealth that would allow him to plead no contest to four of the six charges in Roanoke City.[1] Mills entered a "no contest" plea and, pursuant to the agreement, was convicted and sentenced on four of the six charges. (Circuit Court Case Nos. CR4-934 and CR04-935). Mills did not appeal.

Mills filed a petition for a writ of habeas corpus in the Circuit Court for Roanoke City on April 5, 2005, alleging the following grounds for relief:

- A. Prosecutor misconduct.

- B. Law enforcement misconduct.

- C. Ineffective assistance of counsel in that counsel (1) did not inform the trial court that Cynthia Mills was pressured into testifying against petitioner and did not vigorously cross-examine her on this point, (2) did not move to suppress Cynthia Mills' testimony, and (3) failed to protect Mills' right to a speedy trial.

- D. Involuntary guilty plea.

- E. Evidence relied upon was unlawful fruit of the poisonous tree, and counsel was ineffective in failing to argue this theory.

The circuit court denied and dismissed the petition on August 16, 2005. (Case No. CL05000353). The circuit court held that Claims A, B, and E were procedurally barred under the rule in Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) because Mills did not raise these claims on appeal; Claim C failed under Strickland v. Washington, 466 U.S. 668 (1984) and Hill v. Lockhart, 474 U.S. 52 (1985); and Claim D failed because Mills was bound by his statements during the plea colloquy. See Anderson v. Warden, 281 S.E.2d 885, 888 (Va. 1981). The Supreme Court of Virginia refused

---

[1] The "no contest" plea Mills entered had the same effect as a guilty plea. See Commonwealth v. Jackson, 499 S.E.2d 276, 278 (Va. 1998).

Mills' petition for appeal on May 9, 2006. (Record No. 052262).

Mills then filed his federal habeas petition, alleging the following grounds for relief:

1. The prosecutor forced petitioner's wife to testify against him.
2. Law enforcement officers forced petitioner's wife to testify against him.[2]
3. The evidence relied on to convict petitioner was unlawfully obtained.
4. Ineffective assistance of counsel in that counsel (a) failed to ask Cynthia Mills on cross-examination whether law enforcement personnel had threatened her with more jail time if she did not testify against her husband and (b) failed to move to suppress Cynthia Mills' testimony as fruit of the poisonous tree.
5. Petitioner's guilty plea was unlawfully induced, as he would not have changed his plea to "no contest" if his wife had not been "compelled" to testify against him.

## II. Opinion of the Court

### A. Procedurally Defaulted Claims

Respondent argues that federal Claims 1, 2, and 3 are procedurally barred from federal habeas review because the state habeas court dismissed them under the Slayton v. Parrigan rule, which bars state habeas review of claims that could have been raised on appeal. 205 S.E.2d at 682. The court agrees. Because the state court expressly relied on an independent and adequate state procedural ground in dismissing these claims, federal habeas review of Claims 1, 2 and 3 is also barred, absent a showing of cause and prejudice or miscarriage of justice. See Harris v. Reed, 489 U.S. 255, 262 (1989); Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (finding that the United States Court of Appeals for the Fourth Circuit has "repeatedly recognized that 'the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision'"). To show cause, petitioner must demonstrate that some force outside himself prevented him bringing the claims earlier. Murray v. Carrier, 477 U.S. 478, 487-88 (1986). To establish actual prejudice to

---

[2]Under Va. Code Ann. § 19.2-271.2, one spouse may testify against the other in a criminal proceeding, but may not be compelled to do so.

3

excuse default of a habeas claim, petitioner "must show that [the error of which he complains] created more than the 'possibility of prejudice' but instead that it 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). To show miscarriage of justice sufficient to excuse procedural default, a petitioner must show actual innocence, specifically, that "it is more likely than not that no reasonable juror would have convicted him" if jurors had received specific, reliable evidence not presented at trial. Bousley v. United States, 523 U.S. 614, 623 (1998) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995).

Mills argues that he can show cause for failing to raise Claims 1 and 2 on appeal. He states that he did not know the factual basis for these claims until his wife provided him with a written statement on February 28, 2005, concerning her allegations that law enforcement officials wrongfully threatened her in convincing her to testify against Mills.[3] It is clear from the records that Mills knew the facts necessary to raise these claims at the time of trial. Mills stated in court on November 1, 2004, that his wife had written him letters, alleging threats by law enforcement that if she did not cooperate, she would be charged or get more jail time. The court expressly advised Mills that if he wanted to ask Cynthia Mills questions about her allegations that officers had threatened her. If Mills had wanted to pursue the coercion issue he now raises, he could have taken the judge up on this offer, continued with the jury trial, questioned his wife about her letters, and if convicted, taken an appeal on the issue.[4] Instead, Mills decided that his best course of action was to take a "no contest" plea, get some charges dismissed, and receive a lighter sentence than he faced if convicted after the jury trial. Mills thus offers no viable cause outside his control for his failure to raise Claims 1 and

---

[3] Mills states that his wife was afraid to write a statement exposing the alleged threats until after her own criminal proceedings on other, unrelated charges were completed. In support of this assertion, Mills also alleges that Cynthia's sentencing dates on these unrelated charges were continued until after Mills was convicted. Moreover, the court notes that the written statement from Ms. Mills offered in support of the habeas claims in this case is not an original, sworn affidavit.

[4] There is no indication in the record that Ms. Mills testified falsely at the Roanoke City trial or that prosecutors misstated any facts if they told her that her cooperation might allow her to avoid receiving additional charges and/or harsher sentences for herself.

4

2 at trial and on appeal.[5]

As to Claims 1 and 2, Mills also shows no actual prejudice. Cynthia Mills' statement does not indicate that but for the officers' alleged threats, she would not have testified against her husband. She had two other good reasons to testify that she mentioned in open court: the hope of less jail time and fewer criminal charges in recognition of her cooperation with authorities and the threat that her own parents made to cut off contact with her if she did not testify. Based on the foregoing, Mills fails to show that the alleged constitutional error worked to his actual disadvantage in any way and so fails to show actual prejudice. As he fails to show cause and prejudice to excuse his default of the claims on appeal, and as he fails to make a colorable claim of actual innocence, this court finds Claims 1, 2, and 3 to be procedurally barred from federal habeas review. Therefore, the court will grant the motion to dismiss as to these claims.

## B. Ineffective Assistance Claims

To the extent that the Supreme Court of Virginia adjudicated Mills' claims on the merits, this court must defer to the state court's findings under the standard set forth in 28 U.S.C. § 2254(d), which reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law

---

[5]Mills also argues that ineffective assistance should serve as cause to excuse his default of Claims 1, 2, and 3. This argument for cause fails, however, inasmuch as the court herein finds that Mills fails to establish any constitutional claim of ineffective assistance. See Strickler v. Green, 527 U.S. 263, 283 (1999).

5

erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000). The Virginia courts' findings cannot be deemed unreasonable merely because they do not cite established United States Supreme Court precedent on an issue, if the result reached is not contrary to that established precedent. See Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

To prove a constitutional claim of ineffective assistance related to his guilty plea, a convicted defendant must meet a two prong standard, showing both counsel's deficient performance and resulting prejudice. Strickland, 466 U.S. at 685. First, he must show that "counsel's representation fell below an objective standard of reasonableness" considering circumstances as they existed at the time of the representation. Id. at 687-88. Second, to show that counsel's error related to petitioner's guilty plea was prejudicial, petitioner must demonstrate "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 58-59.

### 1. Cross-examination Issues

In Claim 4(a), Mills argues that although counsel knew how law enforcement authorities had threatened Cynthia with more time if she did not testify, counsel did not object to Cynthia's testimony as coerced or question her specifically about officers' threats. The trial judge told Mills that decisions regarding what questions to ask on cross-examination were tactical choices made by counsel rather than by the client. Noting Cynthia's admission on cross-examination that she expected to get less time as a result of testifying, the court said, "I don't know how it gets better than that." The judge told Mills that the additional questions he wanted to ask Cynthia "would muddy that water" and in the judge's opinion, would not likely make any difference to the jury. After a recess, Mills decided to change his plea and entered into an agreement with the Commonwealth.

The state habeas courts found that counsel's performance with regard to Cynthia's testimony was neither defective or prejudicial. This court must agree that Mills fails to meet either prong of the Strickland/Hill standard for ineffective assistance. At cross-examination, counsel already knew

6

that Cynthia denied any threats by law enforcement authorities related to her testimony. Counsel made a strategic choice to challenge her credibility without questioning her directly about the letters she had sent to her husband about law enforcement threats of more time if she did not testify. The court cannot second guess this trial strategy decision, and in any event, finds it to be a sound tactic. Moreover, Mills fails to demonstrate any reasonable probability that asking Cynthia different questions on cross-examination or objecting to her testimony based on her letters would have resulted in suppression of her testimony. She had testified in open court that no one (other than her parents) threatened adverse action against her if she did not testify, and to this day, she has not stated that any law enforcement officer "compelled" her to testify against her husband. The court cannot find that the state courts' disposition of this claim was contrary to, or an unreasonable application of federal law or that it was based on an unreasonable determination of facts. Therefore, the court will grant the motion to dismiss as to Claim 4(a).

### 2. Suppression Issues

In Claim 4(b), Mills asserts that counsel was ineffective in failing to advise him that Cynthia's testimony could be suppressed as "fruit of the poisonous tree."[6] Specifically, he argues that police would not have talked to Cynthia Mills if they had not had found and seized a stolen safe in the Mills' residence during an illegal search. The state habeas court found neither deficient performance nor prejudice here, because even without finding the safe, "[s]ubsequent investigation by the police undoubtedly would have led [police] to talk to Cynthia. This court must agree.

Roanoke City Police received a telephone tip from a man who said he was Cynthia Mills' father and that he had found a safe and crowbar in the Mills' residence. In reliance on this tip, City officers obtained a search warrant for the Mills' residence, where they found the safe and seized it and other items of physical evidence related to the crimes. At an October 5, 2004, hearing, the trial

---

[6] Mills also complains that counsel did not argue this suppression issue in the motion to withdraw the "no contest" plea. After hearing counsel's advice that he would receive a harsher sentence if he withdrew the plea, Mills withdrew the motion. Because Mills admits that he withdrew the motion voluntarily, he cannot show that counsel's omission of the "poisonous tree" argument caused any prejudice as defined in Strickland.

7

judge ruled that the search was invalid because City officers had not verified the reliability of the tipster before seeking the warrant and there was no basis to believe that the items described by the tipster were contraband.

As the state habeas court said, however, even without the evidence discovered at the Mills' residence, police would inevitably have investigated the telephone tip further and would have met with Cynthia to question her about it. Invalidation of the warrant did not render inadmissible all other information discovered as a result of the tip. See Nix v. Williams, 467 U.S. 431, 444 (1984) (finding an exception to exclusionary rule when police can prove by preponderance of evidence that information would inevitably have been discovered by lawful means). Moreover, Mills fails to present any evidence that discovery of the safe was a factor in Cynthia's decision to give a voluntary statement to police about the crimes. The court cannot find that counsel's conduct in failing to move for suppression of her statement or her testimony was either deficient or prejudicial, as counsel had no support for such a motion. As the state courts' disposition of this claim was not contrary to, or an unreasonable application of federal law or based on an unreasonable determination of facts, the court will grant the motion to dismiss as to Claim 4(a) and 4(b).

C. Challenge to the Guilty Plea

In Claim 5, Mills asserts that by "coercing" his wife into agreeing to testify against him, law enforcement officials "coerced" him into pleading "no contest." He seeks to overturn his plea as involuntary. The state habeas court dismissed Claim 5 upon finding it was not supported by the record, as Mills was bound by his statements during the plea colloquy, pursuant to the state rule in Anderson. Before deciding to plead "no contest," Mills heard the Commonwealth's case in chief, including Cynthia's testimony. During the plea colloquy, he affirmed to the trial court that he had discussed the charges with counsel, understood them, knew the maximum penalties he faced, understood the rights he was relinquishing, had reviewed the plea agreement, understood its provisions, knew his probation and parole on earlier crimes might be revoked, and was satisfied with counsel's representation. Mills also told the court that he had not been "coerced" into making the

8

plea, that he was doing so voluntarily under the plea agreement. After hearing evidence the Commonwealth would have offered regarding the claims dismissed as part of the plea agreement, the court again asked Mills if he "wanted to release the jury and be found guilty." Mills affirmed that he did. The trial court found Mills' "no contest" plea to be knowing and voluntary, and the habeas courts found no reason why he should not be bound by his plea hearing statements indicating that the "no contest" plea was voluntary.

This disposition by the state court is in full harmony with Supreme Court precedent regarding habeas challenges to guilty pleas. Under federal law,

> the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal [in habeas proceedings], as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). The record indicates that Mills voluntarily chose to accept the benefits of the plea agreement instead of proceeding to trial, where he could have raised the issue of his wife's testimony allegedly being coerced and unreliable. A difficult choice between two unattractive options is not necessarily a coerced choice, and Mills has offered no evidence that his choice to plead guilty was unknowing or involuntary. Finding no respect in which the state court's disposition of this claim was contrary to, or an unreasonable application of Supreme Court precedent or based on an unreasonable interpretation of the facts, this court must grant the motion to dismiss, pursuant to § 2254(d). The court will grant the motion to dismiss as to Claim 5.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the court declines to issue any certificate of appealability pursuant

9

to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying final order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 9th day of March, 2007.

/s/ James C. Turk
Senior United States District Judge